IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEON LINZY                                                                                            PLAINTIFF

v.                                       Case No. 4:11-cv-00615 KGB

DAVID LAWMAN, et al.                                                              DEFENDANTS

## ORDER

Before the Court is plaintiff's motion to stay a ruling of the Court on defendants' motion for summary judgment and to order defendant, David Lawman, to reveal the name of the confidential source (Dkt. No. 20). Defendants have responded in opposition to plaintiff's motion (Dkt. No. 23).

In order for the Court to grant plaintiff's motion to disclose the identity of the government's confidential informant, plaintiff has the burden of proving that such disclosure would be material to the determination of plaintiff's case; "that is, there must be a reasonable probability that the evidence would change the outcome." *Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1053 (8th Cir. 2007); *see also Jones v. United States*, 869 F. Supp. 747, 749 (D. Neb. 1994). It is possible that the identity and testimony of the confidential informant in this case is material to prove plaintiff's malice claim; defendants admit in their response that the confidential informant's testimony could be relevant in that it could "completely exonerate Defendants" (Dkt. No. 23). However, the Court cannot say on the basis of the record presently before it whether there is a "reasonable probability" that the confidential informant's identity and testimony "would change the outcome" of the case.

Noting the "government's interest in protecting confidential informants' identities," *Elnashar*, 484 F.3d at 1052, the Court will conduct an *ex parte*, *in camera* review of the

defendants' relevant documents pertaining to the confidential informant and determine on the basis of that review the materiality of the disclosure of the confidential informant's identity. Within ten days of the entry of this Order, defendants are directed to submit *ex parte* and under seal to the Court only the relevant documents pertaining to the confidential informant to permit the Court to conduct an *in camera* review.

Plaintiff's time to respond to the pending summary judgment motion (Dkt. No. 16) remains stayed until one week after the entry of an Order from the Court addressing whether Mr. Lawman is required to reveal the name of the confidential source.

SO ORDERED this 17th day of January, 2014.

_____
Kristine G. Baker
United States District Judge